FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ SEP 17 2018 ★
BROOKLYN OFFICE

WK/ABS:SWR
F. #2018R00196

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

YEHUDA BELSKY,
    also known as "Jay Bell,"

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

INDICTMENT

Cr. No. __CR 18 00504__
(T. 7, U.S.C., §§ 6m(1), 13(a)(1) and
13(a)(5); T. 18, U.S.C., §§ 981(a)(1)(C),
1341 and 3551 et seq.; T. 21, U.S.C.,
§ 853(p); T. 28, U.S.C., § 2461(c))

ROSS, J.

KUO, M.J.

THE GRAND JURY CHARGES:

## INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

I. <u>The Defendant and His Company</u>

    1.    The defendant YEHUDA BELSKY, also known as "Jay Bell," was a resident of Brooklyn, New York.

    2.    Y Trading, LLC was a New York domestic limited liability company located at 1386 East 31st Street in Brooklyn, New York.

    3.    The defendant YEHUDA BELSKY, also known as "Jay Bell," was the sole member of Y Trading, LLC.

II. <u>Relevant Terms and Definitions</u>

    4.    A binary option contract was a contract in which the contract's purchaser, at the time of purchase, predicted that the market price of a stock or a commodity would be either above or below a certain amount at a specified date and time. If, at the specified date and

time, sometimes referred to as "expiration," the purchaser's prediction proved to be correct, the purchaser received a payout in an amount that had been fixed at the time of purchase. If, at expiration, the purchaser's prediction was wrong, the purchaser received nothing.

5. Exchanges were marketplaces where purchasers and sellers came together to trade, among other things, binary option contracts.

6. The United States Commodity Futures Trading Commission ("CFTC") was an independent federal agency of the United States charged with, among other things, the regulation of the purchase and sale, often referred to as "trading," of options, including binary option contracts.

7. Pursuant to Title 7, United States Code, Section 12a(1), a commodity trading advisor was a person who, for compensation or profit, engaged in the business of advising others, either directly or through publications, writings or electronic media, as to the value or advisability of trading in commodity futures transactions and options, including binary option contracts.

8. Pursuant to Title 7, United States Code, Section 6m(1), it was unlawful for any person acting as a commodity trading advisor, unless registered with the CFTC, to make use of the mails or any means or instrumentality of interstate commerce in connection with his or her business as a commodity trading advisor.

III. Background

9. On December 19, 2008, the CFTC issued an Order (the "CFTC Order") permanently barring the defendant YEHUDA BELSKY, also known as "Jay Bell," from trading in commodity futures transactions and options, including, but not limited to, binary option contracts. BELSKY acknowledged service of, and consented to the entry of, the CFTC Order.

2

10. On or about May 13, 2015, despite the above-referenced trading prohibition, the defendant YEHUDA BELSKY, also known as "Jay Bell," applied for an account on the North American Derivatives Exchange ("Nadex"). Nadex was regulated by the CFTC as an exchange that offered binary options trading.

11. On or about May 19, 2015, Nadex's Compliance Department denied the defendant YEHUDA BELSKY's application. On or about May 20, 2015, BELSKY appealed that decision. On or about June 15, 2015, the Chief Executive Officer of Nadex affirmed the denial and admonished BELSKY that BELSKY was prohibited from trading on Nadex as a result of the CFTC Order.

12. The defendant YEHUDA BELSKY, also known as "Jay Bell," has not been registered with the CFTC as a commodity trading advisor at any time since December 19, 2008.

IV. The Embezzlement Scheme

13. Between approximately March 2014 and June 2018, the defendant YEHUDA BELSKY, using the fake name "Jay Bell," presented himself to customers and potential customers (together, "Customers") as a person with expertise in commodities trading. In particular, BELSKY used in-person meetings, conference calls and internet advertising, among other means, to portray himself as someone with expertise as a binary options trader.

14. The defendant YEHUDA BELSKY, also known as "Jay Bell," typically promised Customers that he would invest money on their behalf and would pay them a monthly return of ten percent of their total investment. BELSKY further represented that at the end of a six-month period, he would return the Customers' principal or provide them with the opportunity

3

to reinvest it with him.   BELSKY promised that he would invest the money the Customers entrusted to him, in particular by using it to trade binary option contracts.

15.   In addition, among other things, the defendant YEHUDA BELSKY, also known as "Jay Bell," enticed Customers to provide him with money to invest on their behalf by showing them fraudulent monthly account statements from Nadex that purported to show BELSKY's successful history of commodities trading.   In truth, these statements were fabricated and did not reflect trading by BELSKY.

16.   Based upon these and other fraudulent misrepresentations, Customers gave the defendant YEHUDA BELSKY and Y Trading, LLC money to invest on their behalf. Instead of investing this money as promised, BELSKY stole it for his personal use and to pay refunds to other Customers from whom he had previously obtained money by fraud.

## COUNT ONE
(Mail Fraud)

17.   The allegations contained in paragraphs one through 16 are realleged and incorporated as if fully set forth in this paragraph.

18.   In or about and between March 2014 and June 2018, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant YEHUDA BELSKY, also known as "Jay Bell," did knowingly and intentionally devise a scheme and artifice to defraud the Customers, and to obtain money and property from the Customers by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, did knowingly cause to be delivered by mail and by private and commercial interstate carrier, according to the direction thereon, a matter and thing, to wit: a purported partial redemption check in the amount of $20,000, to be delivered by

mail and by such carrier, according to the direction thereon, to an address in Cedarhurst, New York, on or about July 16, 2014.

(Title 18, United States Code, Sections 1341 and 3551 et seq.)

## COUNT TWO
(Failure to Register as a Commodity Trading Advisor)

19. The allegations contained in paragraphs one through 16 are realleged and incorporated as if fully set forth in this paragraph.

20. In or about and between March 2014 and June 2018, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant YEHUDA BELSKY, also known as "Jay Bell," while acting as a commodity trading advisor, and without being registered as a commodity trading advisor under Title 7, United States Code, Chapter 1, knowingly and intentionally used the mails and one or more means and instrumentalities of interstate commerce in connection with his business as a commodity trading advisor.

(Title 7, United States Code, Sections 6m(1) and 13(a)(5); Title 18, United States Code, Sections 3551 et seq.)

## COUNT THREE
(Misappropriation of Customer Funds)

21. The allegations contained in paragraphs one through 16 are realleged and incorporated as if fully set forth in this paragraph.

22. In or about and between March 2014 and June 2018, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant YEHUDA BELSKY, also known as "Jay Bell," while required to be registered as a commodity trading advisor under Title 7, United States Code, Chapter 1, did knowingly and intentionally

5

embezzle, steal, purloin and convert to his use, and to the use of one or more other persons, money, securities and property having a value in excess of $100, which he received to margin, guarantee and secure the trades and contracts of one or more customers, and accruing to such customers as a result of such trades and contracts, and which otherwise was received from one or more customers in connection with BELSKY's business.

(Title 7, United States Code, Section 13(a)(1); Title 18, United States Code, Sections 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION

23.  The United States hereby gives notice to the defendant that, upon his conviction of any of the offenses charged herein, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offenses.

24.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

_____
FOREPERSON

RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY: _____
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. 0.136

F. # 2018R00196
FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

YEHUDA BELSKY,

Defendant.

# INDICTMENT

(T. 7, U.S.C., §§ 6m(1), 13(a)(1) and 13(a)(5); T. 18, U.S.C., §§ 981(a)(1)(C), 1341 and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

*A true bill.*

_____
*Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* \_\_\_\_\_

_____
*Clerk*

*Bail, $* _____

*Sarah Wilson Rocha, Trial Attorney (718) 254-6366*