

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

WK/ABS:SWR  *271 Cadman Plaza East*
F. #2018R00196  *Brooklyn, New York 11201*

November 2, 2018

By ECF
The Honorable Allyne R. Ross
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

      Re:    United States v. Yehuda Belsky
                Criminal Docket No. 18-CR-00504 (ARR)

Dear Judge Ross:

      The government respectfully submits this letter opposing Defendant Yehuda Belsky's October 29, 2018 request for modification of the Court's September 26, 2018 Order Setting Conditions of Release.  Docket Entry ("D.E.") 14.

      Belsky contends that the condition that he not use computers or internet access without monitoring software "is [not] the 'least restrictive condition' necessary to reasonably assure the safety of other persons from being defrauded by Mr. Belsky in the future."  Id. at 3.  In addition, Belsky argues that the condition "unduly restricts Mr. Belsky's right to speech under the First Amendment and is an overbroad deprivation of liberty and privacy interests under the Fourth and Fifth Amendments."  Id. at 5.  Because the combination of conditions, including the monitoring condition challenged by Belsky, are necessary to assure Belsky's appearance and the financial safety of the community, the government opposes the request.  Indeed, as a result of the condition, Pretrial Services has identified text messages and a phone call Belsky placed on October 22, 2018 that show that he has been violating the conditions of his release.  Such recent activity indicates that the existing conditions are not restrictive enough and that remand or, at the very least, additional conditions are necessary.

I.     Overview of the Charged Conduct

      Belsky is charged in a three-count indictment with: (1) mail fraud, in violation of Title 18, United States Code, Section 1341; (2) failure to register as a commodities trading advisor, in violation of Title 7, United States Code, Sections 6m(1) and 13(a)(5); and

Hon. Allyne R. Ross
November 2, 2018
Page 2

(3) misappropriation of customer funds, in violation of Title 7, United States Code, Section 13(a)(1).  Between approximately March 2014 and June 2018, Belsky engaged in an embezzlement scheme to defraud customers and potential customers.  Despite being permanently banned from trading in commodities futures transactions and options by the Commodity Futures Trading Commission ("CFTC") in December 2008, Belsky, using the alias "Jay Bell," portrayed himself as someone with expertise in commodities trading, particularly binary options trading.  He made fraudulent representations to customers to induce them to invest with him, including by using fraudulent documents.  For example, Belsky provided investors with fake account statements suggesting a successful trading history.  He also gave investors the name and contact information for "Roger Cohen, Esq.," which he has admitted was an additional alias.  When customers gave Belsky money to invest on their behalf, he used the funds for his own personal expenses or to repay other investors he previously had defrauded.

> II.  September 26 Order Imposed the Least Restrictive Combination of Conditions Necessary to Reasonably Assure Belsky's Appearance and the Safety of the Community

Under the Bail Reform Act, 18 U.S.C. § 3141 et seq., federal courts are empowered to impose "the least restrictive . . . combination of conditions . . . [to] reasonably assure the appearance of the person as required and the safety of any other person and the community."  The Bail Reform Act provides an enumerated list of such conditions, including restrictions on employment, education, restrictions on personal associations, place of abode and travel, curfew, as well as "any other condition that is reasonably necessary to assure the appearance of the person as required and to assure the safety of any other person and the community."  18 U.S.C. § 3142(c)(B)(xiv).

To address the factors set forth in 18 U.S.C. § 3142(g), particularly the nature and circumstances of the offenses charged, weight of the evidence, Belsky's character, employment, financial resources, past conduct, and the nature and seriousness of the financial danger to the community that would be posed by his release, the government requested a meaningful combination of conditions be imposed in this case.  Specifically, because of Belsky's history of misappropriating customer funds and the risk of economic harm to the community, the government proposed, and Belsky agreed, that he maintain verified employment with a verified employer, not involving financial services, including, but not limited to, investments and commodities.  Although Belsky refused to provide Pretrial Services with information regarding his employment and financial status, the government's understanding is that he is self-employed.  Accordingly, the condition requires not only that he maintain verified employment, but also that such employment not be in the financial services industry, which is defined broadly to include all types of investments.

As an additional condition, Pretrial Services recommended no use of computers or internet access, and the parties discussed whether the Pretrial Services' concern could be addressed with a less restrictive condition.  Pretrial Services advised that the least

Hon. Allyne R. Ross
November 2, 2018
Page 3

restrictive condition available was that Belsky not use a computer or internet access without monitoring software.  The parties agreed on this less restrictive condition, along with a combination of additional restrictions (including the employment condition referenced above), and then presented a bail package to Magistrate Judge Tiscione.  He subsequently entered the September 26 Order to reasonably assure Belsky's appearance and the safety of the community.[1]  D.E. 8.  He also admonished Belsky and his suretors of the consequences of failing to comply with the September 26 Order.

Belsky now contends that the monitoring condition is not reasonably related to the objective in preventing him from committing fraud and is not the least restrictive condition available.  D.E. 14 at 3-5.  These arguments are unavailing.

As an initial matter, the government's understanding from Pretrial Services—which recommended a more stringent condition—is that there is no less restrictive condition than the one imposed to address the concern that Belsky would use a computer or internet access to cause economic harm or otherwise violate the employment provision by continuing to hold himself out as a trader and financial services professional.

Notably, the condition of release imposing monitoring software is appropriate and narrowly tailored to address Belsky's extensive and continuing history of fraud and economic harm.  Although Belsky does not have a criminal history, the CFTC's December 2008 enforcement proceeding demonstrates that his past conduct and character weigh in favor of the conditions imposed.  In that proceeding, the CFTC found that Belsky misappropriated client funds.  To conceal his offense, he forged and provided his customers/victims with false account statements.  Later, in response to an audit, Belsky created and provided false account statements and fraudulent bank statements falsely representing the amount of funds held.

In the instant case before Your Honor, Belsky continued his pattern of falsifying account statements, and he also misrepresented his identity and used two fictitious aliases.  In addition, the government's investigation has identified a litany of other instances in which Belsky made fraudulent misrepresentations about his financial condition.  As an example, in an attempt to open an account with an electronic brokerage firm, Belsky submitted a falsified bank statement for the period June 29, 2013 through July 31, 2013.  Belsky's actual bank statement showed an ending balance of $372.62, multiple insufficient funds fees and returned item fees during the month, and several ATM and debit card

---

[1] Belsky is a dual citizen of Israel and the United States, and he maintains an Israeli passport.  The government understands that some of his children have lived in Israel, and his eldest daughter currently lives there.

Hon. Allyne R. Ross
November 2, 2018
Page 4

withdrawals for personal expenses.[2] In contrast, the forged statement for the same time period that Belsky submitted to the brokerage firm showed an ending balance of $34,511.33, no fees, and no ATM and debit card withdrawals. Thus, based on his pattern of conduct, there is a serious risk that Belsky will continue to engage in harming members of the community and using fraudulent misrepresentations and falsified documents to embezzle money.

Belsky's application demonstrates a fundamental misunderstanding of his conduct and the combination of conditions set forth in the September 26 Order. The request ignores Belsky's charged conduct, which took place despite the CFTC's permanent ban from trading in commodities futures transactions and options.[3] The request argues that, even with the monitoring condition in place, Belsky could defraud investors "using other people's computers, or without computer usage at all" as well as by visiting the "innumerable computer services venues (e.g., Staples, Office Depot, UPS, Kinko's, etc.), . . . to accomplish the same conduct sought to be prevented by the personal monitoring imposed here." D.E. 14 at 4. To be clear, all of the scenarios proposed by Belsky would violate the September 26 Order. The restriction requiring monitoring software requires "no use of computers and internet access without monitoring software." D.E. 8 (emphasis added). Thus, if Belsky used a computer belonging to someone else, visited one of the "innumerable computer services venues," or otherwise used a computer and internet access without monitoring software, he would be in violation of the September 26 Order. Moreover, if Belsky "phone[d] in investments on trading exchanges" or otherwise took actions with or on behalf of potential investors, such activity would violate the employment condition. That Pretrial Services would have difficulty monitoring such other violative activity is not a justification for removing the condition.

Belsky's argument that the restriction violates his First, Fourth and Fifth Amendment rights is similarly meritless. The conditions imposed are reasonable and narrowly tailored. See United States v. Browder, 866 F.3d 504, 512 (2d Cir. 2017) (concluding that use of third-party monitoring organization, Remote.com, is narrowly tailored and "not an unreasonable or excessive deprivation of liberty").

---

[2] The purchases included charges to summer camps and clothing stores, including Barney's New York, Elie Tahari and Thomas Pink.

[3] Belsky was well aware of the ban and admonished in 2015 by the North American Derivatives Exchange ("Nadex"), an exchange that offered binary options trading, that he was prohibited from trading.

Hon. Allyne R. Ross
November 2, 2018
Page 5

### III.  Belsky's October 22 Activity Violates Conditions of Release

As a result of the monitoring condition, Pretrial Services has learned that Belsky nonetheless engaged in conduct in violation of the September 26 Order.[4]  On October 22, 2018, Belsky received text messages on his cell phone from an individual identified as "Miguel" regarding transactions to purchase Treasury STRIPS (Separate Trading of Registered Interest and Principal of Securities).  The messages contain acronyms used in securities transactions.  Belsky also placed a phone call to "Miguel" on October 22, 2018.  Federal agents have interviewed this individual who reported that he gave Belsky approximately $40,000 in funds from investors to purchase Treasury STRIPS using a brokerage firm.[5]  The individual said that Belsky told him that the transaction was delayed.

Specifically, when asked about the subject of the October 22, 2018 communications, the individual said that they spoke about their financial services business activities, which include involvement in medium term notes (MTN), commercial paper, stocks, bonds, options, as well as Treasury STRIPS.  He said that they have multiple people interested in deals, and the conversation was related to finalizing deals for the Treasury STRIPS transactions.  He advised that Belsky is supposed to deliver the Treasury STRIPS when the deal is completed.[6]

The activity identified by Pretrial Services as a result of the monitoring condition is in blatant violation of Belsky's employment condition.  It demonstrates that he is continuing to engage in the business of providing financial services to investors and is not deterred by the September 26 Order.  It is therefore no surprise that he now seeks removal of the monitoring condition.

* * *

For all of the foregoing reasons, respectfully requests that Belsky's request be denied.  In addition, in light of Belsky's October 22, 2018 conduct, the government requests that the Court find that he violated the September 26 Order.  Because of Belsky's decision to

---

[4] The government notified Pretrial Services of Belsky's October 29, 2018 letter and understands they are preparing a memo for the Court regarding the monitoring condition. The government also notes that it was not provided with any other information regarding Belsky's computer and internet activity other than the three text messages and record of the phone call flagged by Pretrial Services.

[5] Check cashing records show that Belsky cashed a cashier's check for $36,000 from the individual's business in June 2018.

[6] Treasury STRIPS can be bought and sold only through a financial institution or brokerage firm.

Hon. Allyne R. Ross
November 2, 2018
Page 6

flagrantly disregard the September 26 Order, the government respectfully requests detention, notification to the suretors of the violation, and forfeiture of the $500,000 bond or, at the very least, the imposition of additional conditions of release.

        Respectfully submitted,

        RICHARD P. DONOGHUE
        United States Attorney
        Eastern District of New York

By:   /s/ Sarah Wilson Rocha
       Sarah Wilson Rocha, Trial Attorney
       Fraud Section, Criminal Division
       U.S. Department of Justice

cc:    Evan L. Lipton, Esq.
        Henry E. Mazurek, Esq.