UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States | **1:18-CR-0504 (ARR)** |
| – against – | |
| Yehuda Belsky, | **Not for Publication** |
| *Defendant.* | **Opinion & Order** |

ROSS, United States District Judge:

The defendant in this case stands accused of (a) promising people "that he would invest money on their behalf and would pay them a monthly return of ten percent of their total investment," (b) persuading them "to provide him with money to invest on their behalf by showing them fraudulent monthly account statements . . . that purported to show [his] successful history of commodities trading," and (c) using the money that he received from them "for his personal use and to pay refunds to other[s] . . . from whom he had previously obtained money by fraud." Indictment ¶¶ 14–16, ECF No. 1.

The defendant is currently out on bail awaiting trial, subject to an agreed-upon condition of release that imposes software monitoring on his Internet-connected devices, such as his personal computer and his cellular phone. *See* Release Order, ECF No. 14-1; *see also* Gov't Opp'n 3, ECF No. 16. Another condition of the defendant's pretrial release is that he maintain employment "not involving financial services, including but not limited to investments and commodities." Release Order.

The defendant now moves to vacate the software-monitoring condition of release in favor of "a less restrictive condition of restricting Mr. Belsky's access to certain specified electronic securities trading platforms." Mot. 5–6, ECF No. 14. The defendant suggests that

1

the purpose of the monitoring is to "prevent Mr. Belsky from soliciting and receiving funds from others for the purpose of making investments for which he is not licensed" and argues that "[t]he imposed condition of monitoring his entire computer usage . . . is **not** reasonably related to this objective, and [is] certainly not the **least restrictive** condition to accomplish it." Mot. 3.

The government responds that "there is no less restrictive condition than the one imposed to address the concern that Belsky would use a computer or internet access to cause economic harm or otherwise violate the employment provision [of his release] by continuing to hold himself out as a trader and financial services professional." Gov't Opp'n 3. What is more, the government states that the software monitoring has *already* caught the defendant violating the conditions of his release by engaging, or purporting to engage, "in the business of providing financial services to investors." *Id.* at 5. Specifically, the monitoring has revealed recent text-message communications regarding the purchase of certain securities between the defendant and an individual who had—before the defendant's indictment, evidently—allegedly engaged the defendant on behalf of some investors. *Id.* at 5 & n.5.[1] Consequently, the government now requests detention of the defendant and revocation of his bond "or, at the very least, the imposition of additional conditions of release." *Id.* at 6.

Federal law requires that a criminal defendant released pretrial be "subject to the least restrictive . . . conditions[ ] that [the court] determines will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B). And there can be no doubt that the software-monitoring condition that has been imposed in this case is substantially restrictive. *See* RemoteCOM User Agmt., ECF No.

---

[1] The defendant has not responded to these allegations.

14-2; *see also United States v. Browder*, 866 F.3d 504, 507 n.10 (2d Cir. 2017) ("It is unclear what constraints, if any at all, are imposed on Remote.com's monitoring of probationers."), *cert. denied*, 138 S. Ct. 693 (2018); *United States v. Lifshitz*, 369 F.3d 173, 191–92 (2d Cir. 2004) (likening "[c]onstant inspection of the documents that [the defendant] creates on his computer" to "searching his diary or inspecting his closets").

The defendant, however, has failed to propose a less restrictive condition that would provide a meaningful check on his alleged criminal activity. He requests that he simply be barred from using "certain specified electronic securities trading platforms" (Mot. 6), but it is unclear how such a restriction would prevent him from defrauding putative investors by taking their money and putting it toward his own purposes "*[i]nstead of* investing [it]" (Indictment ¶ 16 (emphasis added)). Indeed, the government's fortuitous collection of the defendant's text messages underscores how ineffectual the defendant's proposed alternative would be. Absent the suggestion of a less restrictive condition that would enable the government to detect and prevent criminal activity of the sort described in the indictment, the defendant's motion is denied.

The government's request to remand the defendant into custody and revoke his bail is also denied at this time. If the government believes that "additional conditions of release" should be imposed (Gov't Opp'n 6), the government should request the specific conditions that it believes are appropriate.

So ordered.

\_\_\_\_/s/_____
Allyne R. Ross
United States District Judge

Dated: November 8, 2018
Brooklyn, New York